IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Ervin Wilson, Jr., a/k/a John Wilson, a/k/a John E. Wilson, # 295493 | ) ) ) ) ) ) | Civil Action No. 9:19-cv-01369-RMG |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| Warden Williams, | ) ) ) | |
| Defendant. | ) ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 17.) recommending the Court deny Plaintiff's motion for preliminary injunction. (Dkt. No. 15.) For the reasons set forth below, the Court adopts the R & R as the order of the Court to deny Plaintiff's motion for preliminary injunction.

I.  **Background**

Plaintiff, John Ervin Wilson, Jr., filed a motion for preliminary injunction on August 16, 2019. (Dkt. No. 15.) Plaintiff asserts that Defendant, Warden Williams, retaliated against him by confiscating Plaintiff's medical shoes upon Plaintiff's arrival at McCormick Correctional Institution on February 27, 2019. (*Id.* at 2.) Plaintiff seeks an injunction ordering the return of his medical shoes. (Dkt. No. 15.) Defendant filed a motion in opposition to Plaintiff's motion for preliminary injunction, to which Plaintiff responded. (Dkt. Nos. 16, 20.) On September 11, 2019, the Magistrate Judge issued an R & R denying Plaintiff's motion for preliminary injunction. (Dkt. No. 17.)

1

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

### B. Preliminary Injunction

Rule 65 of the Federal Rules of Civil Procedure provides that the "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a). A preliminary injunction is warranted when the movant demonstrates four factors: (1) the movant's likelihood of success on the merits, (2) whether the movant will face irreparable harm in the absence of preliminary relief, (3) whether the balance of equities favors preliminary relief, and (4) whether injunctive relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III. Discussion

After a review of the R & R and the parties' arguments, the Court finds the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's motion should be denied. The Court agrees with the Magistrate Judge's findings that Plaintiff's motion does not satisfy the *Winter* standard. With regard to element one, Plaintiff asserts that Defendant retaliated against him and confiscated his medical shoes. (Dkt. No. 15 at pg. 3.) Defendant filed a declaration in support of its opposition to Plaintiff's motion for preliminary injunction. (Dkt. No. 16-2.) In his declaration, Defendant avers that Plaintiff was in possession of "black New Balance tennis shoes" during a property inventory upon Plaintiff's transfer to McCormick Correctional Institution on February 27, 2019. (Dkt. No. 16-2 at ¶ 4.) Plaintiff was approved in 2015 to receive a pair of prosthetic shoes. (Dkt. No. 15-1 at 15.) Yet, the approval form specifically notes that the approval does not include tennis shoes. (*Id.*) During the property inventory, Defendant did not allow Plaintiff to keep the New Balance tennis shoes as they were not orthopedic/prosthetic shoes, but regular tennis shoes. (*Id.* at ¶ 6.) Defendant characterized the tennis shoes as a "safety and security issue" as inmates will rob other inmates for any type of tennis shoes that are not issued by SCDC. (*Id.* at. ¶ 7.) The Court agrees with the ruling of the Magistrate Judge that Plaintiff fails to satisfy element one, a likelihood of success on the merits.

Plaintiff does not demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff asserts that he would suffer irreparable harm if his medical shoes are not returned to him because his spinal disc is damaged and his remaining "(L/S Disc) could be damage[d] along with his (Right hip) as his left hip evolved [sic] damage." (Dkt. No. 15 at pg. 3.) This statement does not clearly show that he will suffer irreparable injury without the issuance of a preliminary injunction. There is no indication that the injury is "actual and imminent," rather the statement demonstrates a risk of harm, which is insufficient to prove irreparable harm. *Direx*

3

*Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). The Magistrate Judge correctly characterized Plaintiff's allegations as "conclusory statements of harm." (Dkt. No. 17 at 2.) "A preliminary injunction will not issue without a showing of irreparable injury." *Direx Israel, Ltd.*, 952 F.2d at 812 (noting that the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.)

Although Plaintiff fails to establish irreparable injury, the Magistrate Judge discussed elements three and four. The Magistrate Judge correctly concluded that Plaintiff fails to demonstrate that the balance of equities tip in his favor. Plaintiff generally asserts that the balance of equities tip in his favor because the doctors recommended and approved his use of medical shoes. (Dkt. No. 15 at pg. 3.) Yet, Defendant avers that SCDC categorizes tennis shoes as a security threat and inmates cannot be issued such items unless approved by SCDC. (Dkt. No. 16-2 at ¶ 7–11.) SCDC protocol should be adhered to when obtaining medical shoes or other shoes requiring SCDC approval to minimize safety risks. In addition, with regard to element four, the Magistrate Judge determined that, Plaintiff fails to establish that a preliminary injunction is within the public interest. This Court agrees.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 17.) as the order of the Court and **DENIES** Plaintiff's motion for preliminary injunction (Dkt. No. 15.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 8, 2019
Charleston, South Carolina

4