# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Ervin Wilson, Jr., #295493 ) | |
|                Plaintiff, ) | C.A. No. 9:19-1369-RMG |
|                      ) | |
|    v. ) | |
|                      ) | **ORDER** |
| Warden Williams ) | |
|                      ) | |
|               Defendant. ) | |
| _____) | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 46), recommending the Court grant Defendant's motion for summary judgment. Plaintiff has filed no objections to the R & R.

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983).

2

Plaintiff's claims, filed *pro se*, assert that the Defendant, the warden at McCormick Correctional Institution (MCI), retaliated against him and violated his rights under the Americans with Disabilities Act when prison officials refused to allow him to retain a pair of black New Balance tennis shoes he brought with him from another institution. The warden explained that MCI was merely enforcing a policy against designer type sneakers because they pose potential safety and security issues. MCI allows inmates to wear tennis shoes sold in the prison canteen.

The Magistrate Judge ably and in detail addressed the somewhat confusing claims of the Plaintiff and correctly concluded that Plaintiff has failed to offer sufficient evidence to sustain any of his legal claims. Plaintiff did not file objections to the R & R.

The Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 46) as the order of the Court and **GRANTS** Defendant's motion for summary judgment. This case is dismissed with prejudice.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel  
Richard M. Gergel  
United States District Judge

June 7, 2020  
Charleston, South Carolina

2